**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Case No.**

| | | |
|---|---|---|
| E.S. together with her parent L.S., | ) | |
| | ) | |
| PLAINTIFFS, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| WAKE COUNTY BOARD OF EDUCATION, | ) | **COMPLAINT** |
| | ) | |
| | ) | |
| DEFENDANT. | ) | |
| | ) | |
| | ) | |

**PRELIMINARY STATEMENT**

1. This action is brought by L.S. and her daughter, E.S. ("Plaintiffs") to require the Wake County Public School System (WCPSS) Board of Education ("Defendant") to pay attorneys' fees and costs and reimburse of private school tuition, costs, and expenses following their successful administrative hearing pursuant to the Individuals with Disabilities Education Improvement Act, 20 U.S.C. §§ 1400 et seq. ("IDEA") and North Carolina law.

**I.   PARTIES**

2. Plaintiff L.S. and her daughter, E.S., are residents of the Defendant's district.

3. E.S. is a child with a disability as defined by the IDEA.

4. Defendant is a public school district located in Wake County, North Carolina. Defendant's

administrative offices are located at 5625 Dillard Drive, Cary, North Carolina 27518.

## II. JURISDICTION AND VENUE

5. This claim arises under the IDEA, 20 U.S.C. §§ 1400 *et seq.*, 34 C.F.R. Part 300, N.C. Gen. Stat. §§ 115C-109.6 *et seq.*, and Article 3 of Chapter 150B of the North Carolina General Statutes. This Court has subject matter jurisdiction over the federal law claims pursuant to 28 U.S.C. § 1331 and 20 U.S.C. §§ 1415(i)(3)(A).

6. This court may exercise supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367. North Carolina's state special education law, N.C. Gen. Stat. § 115C-106 *et seq.*, must be consistent with the IDEA.

7. Venue in this district is proper under 28 U.S.C. § 1391(b) because Plaintiffs reside in this judicial district, and Defendant is a public school district whose administrative offices are in this judicial district.

8. Plaintiffs, through counsel, filed their original Petition for a Contested Case Hearing in the North Carolina Office of Administrative Hearings on December 21, 2021, after Defendant failed to identify, evaluate, or offer E.S. an individualized education program (IEP), and Plaintiff L.S. enrolled E.S. in a private school.

9. Prior to the commencement of the Due Process Hearing, the parties engaged in extensive discovery and filed multiple pretrial motions, which required substantial briefing.

10. Plaintiffs gathered and produced almost nine thousand (9,000) pages of discovery, and Defendant produced in excess of fifteen thousand (15,000), many of which were not responsive to any discovery request. Defendant's production included the documents Defendant subpoenaed from all Plaintiffs' private providers.

11. The parties stipulated to over three hundred (300) exhibits, and Defendant identified

another four hundred eighty-five (485) trial exhibits.

12. The Due Process Hearing in the underlying matter required nine (9) days of hearing and involved the testimony of sixteen (16) witnesses. The record for this hearing consisted of more than three hundred (300) admitted exhibits and more than two thousand four-hundred (2,400) pages of testimony pertaining to the Respondent's failure to identify, evaluate, and provide E.S. a FAPE, and the appropriateness of E.S.'s private programs.

13. There are two hundred ninety-seven (297) docket entries for the administrative hearing.

14. Following the hearing, the parties provided the ALJ with lengthy Proposed Decisions of one hundred forty (140) and one hundred fifty (150) pages. The Final Decision issued by the ALJ was one hundred sixty-eight (168) pages.

15. On March 16, 2023, the ALJ ruled Petitioners are the prevailing party on the Jurisdictional and Affirmative Defense Issues; Procedural Violation Issues, Child Find Issue and Prior Written Notice and Procedural Safeguards Issue; Substantive Eligibility Issue; Appropriateness of Private School Placement and Reimbursement of Private School Issue; Equitable Considerations Issue; and, in part, the Compensatory Education Issue.

16. The ALJ ruled E.S. was a child with a disability as defined in the IDEA. *See* 20 U.S.C. § 1401.

17. Because Plaintiffs were the prevailing party in the administrative review, they are entitled to reasonable attorneys' fees and costs. *See* 20 U.S.C. § 1415(f)(1)(B)(iii)(II).

18. Because the ALJ determined E.S. was a child with a disability, Defendant denied E.S. a free appropriate public education, and E.S.'s private school was appropriate, Plaintiffs are entitled to reimbursement of all tuitions, costs, and expenses incurred for E.S. to attend the private residential school.

19. Stacey M. Gahagan, Esq., Co-Counsel for Plaintiffs, is the co-founder of Gahagan Paradis, PLLC, a law firm dedicated to representing children and families in special education disputes, and a highly experienced special education attorney. Prior to founding Gahagan Paradis, PLLC in January 2019, Ms. Gahagan founded the Gahagan Law Firm, PLLC, which was also dedicated to representing children and families in special education disputes. An hourly rate of $375.00 for Ms. Gahagan, when litigating cases on a contingency or partial contingency basis, is a reasonable hourly rate given her substantial and almost exclusive experience in this specialized field of legal practice, as well as the significant time required for this case, and the scarcity of attorneys in North Carolina willing to and capable of representing parents in due process litigation.

20. Alice Morrison, Esq., Co-Counsel for Plaintiffs, is employed at Gahagan Paradis, PLLC, a law firm dedicated to representing children and families in special education disputes, and an experienced special education attorney. An hourly rate of $350.00 for Ms. Morrison, when litigating cases on a contingency or partial contingency basis, is a reasonable hourly rate given her substantial legal experience and extensive experience in this specialized field of legal practice, as well as the significant time required for this case, and the scarcity of attorneys in North Carolina willing to and capable of representing parents in due process litigation.

21. Gahagan Paradis, PLLC also employed the use of other attorneys throughout the course of the underlying litigation. The attorneys' current hourly rates range from $ 250.00 to $ 300.00 per hour. These hourly rates and time spent by these attorneys were reasonable in light of the associate attorneys' range of experience in the area of special education law and the complexity and length of the underlying action.

22. Gahagan Paradis, PLLC also employed the use of non-attorney legal support staff and legal interns, as needed, during the course of the underlying litigation. The current hourly rates for the non-attorney support staff range from $ 50 to $100.00 per hour depending on the experience and specialized training of non-attorney support staff. These hourly rates and the time spent by the non-attorney support staff were reasonable in light of these professionals' experience in the area of special education law and the complexity and length of the underlying administrative action.

23. Gahagan Paradis, PLLC litigated Plaintiffs' claims in the underlying administrative hearing for more than fourteen (14) months, reviewing thousands of pages of student records, advising Plaintiffs, negotiating in good faith with the district, preparing for and attending nine (9) days of hearing, briefing numerous pre- and post-hearing motions, and providing the ALJ a comprehensive written Proposed Decision.

### III.    CAUSES OF ACTION

*1.        Attorney's Fees Under the Individuals with Disabilities Education Act*

24. Plaintiffs incorporate the preceding paragraphs as if set forth in full herein.

25. Plaintiffs are "prevailing parties" under the IDEA as defined in case law in this and every federal circuit and are therefore entitled to reasonable legal fees. 20 U.S.C. § 1415(i)(3).

26. The ALJ found Plaintiffs were the prevailing party on the Jurisdictional and Affirmative Defense Issues; Procedural Violation Issues, Child Find Issue and Prior Written Notice and Procedural Safeguards Issue; Substantive Eligibility Issues; Appropriateness of Private School Placement and Reimbursement of Private School Issue; and Equitable Considerations Issue; and, in part, the Compensatory Education Issue.

27. Gahagan Paradis, PLLC seeks fees in the amount of four hundred ninety-six thousand one

hundred eighty-eight dollars ($ 496,188.00) in connection with the underlying administrative action. These fees were reasonable given the length and complexity of the underlying matter. Furthermore, Stacey Gahagan already proactively discounted these fees as appropriate.

28. Gahagan Paradis, PLLC has incurred, and is continuing to incur, additional fees in connection with the filing and litigation of the instant action for legal fees. These fees are reasonable given the length and complexity of the underlying matter.

29. Gahagan Paradis, PLLC incurred $ 7,001.85 in hard costs (including, inter alia, copying costs, postage, deposition transcripts) in connection with the underlying OAH action. This amount was reasonable given the length and complexity of the underlying matter.

30. Plaintiffs also incurred $ 1,200 in fees to pay their private providers hourly rate to appear for Defendant's deposition and to testify in Defendant's case-in-chief. Plaintiffs also incurred $ 3,712.50 in expert costs—which are not included in the reimbursement sought.

31. Plaintiffs submit the attached affidavits from Stacey M. Gahagan, Keith Howard, and Tammy Kom regarding Stacey Gahagan's experience and the reasonableness of her hourly rate. (Attachments 1, 2, and 3).

### 2. _Reimbursement of Costs and Expenses for E.S._

32. Plaintiffs incorporate the preceding paragraphs as if set forth in full herein.

33. The ALJ determined Defendants denied E.S. a free appropriate public education and E.S.'s private school was appropriate.

34. Plaintiffs are entitled to reimbursement of all tuitions, costs, and expenses incurred for E.S. to attend the private school as ordered by the ALJ in the amounts of $ 133,408.38.

35. Plaintiffs are entitled to reimbursement for the costs of the private independent Psychoeducational Evaluation conducted by Dr. Collett as ordered by the ALJ in the amount of $ 5,600.00.

36. Plaintiffs are entitled to reimbursement for costs of private tutoring as ordered by the ALJ in the amount of $ 647.10.

## IV.     RELIEF REQUESTED

WHEREFORE, Plaintiffs respectfully request that:

37. This Court take jurisdiction of this matter, and order Defendant to pay $ 504,389.85 to Gahagan Paradis, PLLC, reflecting the legal fees and costs necessary to represent Plaintiffs successfully in the underlying matter and to prosecute this case;

38. This Court order Defendant to reimburse Gahagan Paradis, PLLC the filing fee for this Petition;

39. This Court order Defendant to pay fees for the time Gahagan Paradis, PLLC spent, and shall continue to spend, before this Court to recover fees ("fees on fees"), which are presently being incurred;

40. This Court order Defendant to reimburse Plaintiffs the costs and expenses for E.S.'s private school, the private psychological evaluation, and the designated tutoring expenses as the ALJ determined Defendant failed to offer E.S. a Free Appropriate Public Education, failed to evaluate and identify E.S., and deemed E.S.'s private school appropriate; and

41. This Court award any other relief that it deems just and proper.

Respectfully submitted, this the  5th  day of April, 2023.

/s/ Stacey M. Gahagan
Stacey M. Gahagan
N.C. State Bar No. 44393
3326 Durham Chapel Hill Blvd.,
Suite 210-C
Durham, NC 27707
Telephone: (919) 942-1430
Email: sgahagan@ncgplaw.com