IN THE UNITED STATE DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION
CASE NO.:

| | | |
|---|---|---|
| E.S. together with her parent L.S., | ) | |
| | ) | |
| | ) | |
| | ) | |
| PLAINTIFFS, | ) | |
| | ) | |
| v. | ) | **AFFIDAVIT OF KEITH HOWARD IN SUPPORT OF MOTION FOR AWARD OF ATTORNEY'S FEES** |
| | ) | |
| WAKE COUNTY PUBLIC SCHOOL SYSTEM BOARD OF EDUCATION, | ) | |
| | ) | |
| | ) | |
| DEFENDANT. | ) | |
| | ) | |

**THE UNDERSIGNED**, first being duly sworn, deposes and says:

1. My name is Keith Howard. I am an attorney duly licensed in North Carolina since 2004. I have my own private law firm in Cornelius, North Carolina where I concentrate my practice in civil rights and education law. Most of practice is devoted to the litigation of special education matters as a parent attorney. I handle special education matters throughout the state, as well as in Washington, D.C. and Virginia.

2. I have been asked by counsel for the Plaintiff in this matter to provide an affidavit in support of the Plaintiffs' request to recover attorney fees. I have not previously been involved in this litigation, and I have no interest in the outcome of it.

3. I am familiar with the background, experience, and abilities of Stacey Gahagan and the attorneys in her firm having known her for more than five (5) years. We regularly consult on special education matters and other matters involving education law and litigation practices and strategy in general.

4. Ms. Gahagan has trained and mentored attorneys in special education law for most of her legal career. Ms. Gahagan has taught CLEs, provided trainings to school district personnel, and presented to law students and parents on special education law. Ms. Gahagan continues to take CLEs focusing on special education law and attends national conferences devoted to representing children with disabilities.

5. To the best of my knowledge, Ms. Gahagan is one of only a handful of private special education attorneys in North Carolina that represents student and parents.

6. I personally know of less than five (5) private firms in the entire state that represent students and parents on a contingency or partial contingency basis in due process hearings.

7. In *S.K. vs Wake County Board of Education,* 541 F.Supp.3d 652, 668-69 (E.D.N.C. 2021) the Eastern District of North Carolina found Ms. Gahagan's billing records to be "sufficiently detailed," and awarded reimbursement of her full attorney's fees.

8. In *B.P. vs. Charlotte-Mecklenburg Board of Education,* No. CIV. 3:06CV445, 2010 WL 1418334, at *6 (W.D.N.C. Apr. 2, 2010), the Western District of North Carolina determined an hourly rate of $300.00 per hour was reasonable for a special education attorney with fifteen (15) years of special education law experience.

9. In *R.S., by and through Soltes vs. Bd. of Directors of Woods Charter School Company,* No. 1:16-CV-119, 2021 WL 2634652, at *11 (M.D.N.C. June 25, 2021), the Middle District of North Carolina determined an hourly rate of $375.00 was reasonable for an attorney with substantial special education law experience.

10. As the case is sealed, I am unable to review the docket entries; however, I have reviewed the billing entries for this case. In my opinion, the amount of time spent litigating this case was extensive and demonstrates the fallacy that parents can seek relief under the IDEA in North Carolina without the assistance of skilled attorneys like Ms. Gahagan and her firm and her willingness to take cases on a contingency or partial contingency basis.

11. In reviewing the billing entries, I note the extensive discovery engaged in by the Defendants, including nine (9) separate depositions that Ms. Gahagan or Ms. Morrison were required to attend to defend and the cost of transcripts from multiple depositions. The amount of briefing in this case to respond to the numerous motions and objections filed by Defendants was extraordinary. An unrepresented parent would be unable to respond to such exorbitant defense tactics seeking to prevent a parent from obtaining relief for a clear violation of the IDEA.

12. The complexity of the case is evident based on the motions and objections filed by Defendants, supplemental briefing requested by the Administrative Law Judge, and the Final Decision that required multiple hours by Ms. Morrison and Ms. Gahagan to read.

13. In my opinion, an hourly rate of $375.00 for Ms. Gahagan is reasonable given her

2

level of experience and expertise, the fact that the case was taken on a partial contingency basis, the amount of time expended in responding to the numerous briefings, the fact that Ms. Gahagan herself billed over seven hundred (700) hours on this case and her firm billed over fifteen hundred (1500) hours, Defendant's extensive discovery in this case, and well within the prevailing rates for attorneys with similar experience in North Carolina.

14. I recognize these fees are much higher than what should be required to complete the administrative process; however, in my opinion, they are all justified, as I saw no evidence that Ms. Gahagan was protracting litigation. To the contrary, I noted the number of hours spent attending mediations and writing settlement offers to Defendants to resolve the case.

The foregoing is true and correct to the best of my knowledge and belief.

This, the 31st day of March, 2023.

Keith L. Howard
The Law Offices of Keith L. Howard, PLLC
19109 West Catawba Ave., Ste. 200
Cornelius, NC 28031
(704)-612-4151

SUBSCRIBED AND SWORN TO BEFORE ME THIS, THE 31st DAY OF March , 2023.

NOTARY PUBLIC

MY COMMISSION EXPIRES:

9-11-2027

3

